UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON DIVISION

| | |
|---|---|
| PROFESSIONAL DRUG CO., INC.<br>      Plaintiff,<br><br>v.<br><br>WYETH, INC.,<br>      Defendant. | Case no. 3:11-cv-05479 (Direct) |
| STEPHEN L. LAFRANCE PHARMACY, INC.<br>d/b/a SAJ DISTRIBUTORS<br>      Plaintiff,<br><br>v.<br><br>WYETH, INC.,<br>      Defendant. | Case no. 3:11-cv-05480 (Direct) |
| ROCHESTER DRUG CO-OPERATIVE, INC.<br>      Plaintiff,<br><br>v.<br><br>WYETH, INC., et al.<br>      Defendants. | Case no. 3:11-cv-05481 (Direct) |
| UNIONDALE CHEMISTS, INC.<br>      Plaintiff,<br><br>v.<br><br>WYETH, INC., et al.<br>      Defendant. | Case no. 3:11-cv-05482 (Direct) |

RECEIVED
DEC 13 2011
AT 8:30_____M
WILLIAM T. WALSH
CLERK

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 30 HEALTH & WELFARE FUND<br>    Plaintiff,<br><br>v.<br><br>WYETH, INC.,<br>    Defendant. | Case no. 3:11-cv-05590 (Indirect) |
| MAN-U SERVICE CONTACT FUND<br>    Plaintiff,<br><br>v.<br><br>WYETH, INC.,<br>    Defendant. | Case no. 3:11-cv-05661 (Indirect) |
| A.F. of L – AGC BUILDING TRADES WELFARE PLAN<br>    Plaintiff,<br><br>v.<br><br>WYETH, INC., et al.<br>    Defendant. | Case no. 3:11-cv-05662 (Indirect) |
| IBEW – NECA LOCAL 505 HEALTH & WELFARE PLAN<br>    Plaintiff,<br><br>v.<br><br>WYETH, INC.,<br>    Defendant. | Case no. 3:11-cv-05704 (Indirect) |
| PLUMBERS AND PIPEFITTERS LOCAL 572 HEALTH AND WELFARE FUND<br>    Plaintiff,<br><br>v.<br><br>WYETH, INC.,<br>    Defendant. | Case no. 3:11-cv-05943 (Indirect) |

| | |
|---|---|
| NEW MEXICO FOOD AND COMMERCIAL WORKERS<br>       Plaintiff,<br><br>v.<br><br>WYETH, INC.,<br>       Defendant. | Case no. 3:11-cv-06061 (Indirect) |
| THE SOUTHERN NEW JERSEY REGIONAL EMPLOYEE BENEFITS<br>       Plaintiff,<br><br>v.<br><br>WYETH, INC.,<br>       Defendant. | Case no. 3:11-cv-06161 (Indirect) |
| THE BERGEN MUNICIPAL EMPLOYEE BENEFITS FUND<br>       Plaintiff,<br><br>v.<br><br>WYETH, INC.,<br>       Defendant. | Case no. 3:11-cv-06211 (Indirect) |
| SERGEANTS BENEVOLENT ASSOCIATION HEALTH AND WELFARE FUND<br>       Plaintiff,<br><br>v.<br><br>WYETH, INC.,<br>       Defendant. | Case no. 3:11-cv-06230 (Indirect) |

| | |
|---|---|
| THE NORTH JERSEY MUNICIPAL EMPLOYEE BENEFITS FUND<br>    Plaintiff,<br><br>v.<br><br>WYETH, INC.,<br>    Defendant. | Case no. 3:11-cv-06297 (Indirect) |
| WALGREEN CO. et al,<br>    Plaintiff,<br><br>v.<br><br>WYETH, INC.,<br>    Defendant. | Case no. 3:11-cv-06985 (Direct) |
| LOUISIANA HEALTH SERVICES INDEMNITY COMPANY<br>    Plaintiff,<br><br>v.<br><br>WYETH, INC.,<br>    Defendant. | Case no. 3:11-cv-07072 (Indirect) |

## [PROPOSED] CASE MANAGEMENT ORDER # 1
## CONSOLIDATING AND COORDINATING CASES

**WHEREAS,** on May 2, 2011, Professional Drug filed a proposed direct purchaser antitrust class action complaint against Wyeth, Inc. and other defendants (collectively "Wyeth") in the United States District Court for the Southern District of Mississippi for overcharges related to the prescription drug Effexor XR. *Professional Drug Co., Inc. v. Wyeth, Inc.*, 3:11-cv-05479;

**WHEREAS,** on June 21, 2011, the Mississippi Court consolidated two later-filed direct purchaser class actions with the Professional Drug action: *Stephen L. LaFrance Holdings, Inc.*

4

and *Stephen L. LaFrance Pharmacy, Inc. d/b/a SAJ Distributors v. Wyeth, Inc.*, 3:11-cv-05480 and *Rochester Drug Co-Operative, Inc. v. Wyeth, Inc., et al.*, 3:11-cv-05481. A fourth direct purchaser class action, *Uniondale Chemists, Inc. v. Wyeth, Inc., et al.*, 3:11-cv-05482, was filed shortly thereafter (all four actions, collectively, and with any other direct purchaser class actions hereafter filed, are the "Direct Purchaser Class Actions");

**WHEREAS**, on September 21, 2011, the Mississippi Court transferred all four Direct Purchaser Class Actions to this Court;

**WHEREAS**, twelve indirect purchaser (or end-payer) class actions (collectively with any other end payer class actions hereafter filed, the "End Payer Class Actions") have since been filed in this Court: *Painters District Council No. 30 Health & Welfare Fund, et al. v. Wyeth, Inc., et al.*, 3:11-cv-05590; *Man-U Service Contract Fund v. Wyeth, Inc.*, 3:11-cv-05661; *A.F. of L. – AGC Building Trades Welfare Plan v. Wyeth, Inc.*, 3:11-cv-05662; *IBEW – NECA Local 505 Health & Welfare Plan v. Wyeth, Inc.*, 3:11-cv-05704; *Plumbers and Pipefitters Local 572 Health and Welfare Fund v. Wyeth, Inc.*, 3:11-cv-05943; *The Bergen Municipal Employee Benefits Fund v. Wyeth, Inc.*, 3:11-cv-06211; *New Mexico Food and Commercial Workers v. Wyeth Inc.*, 3:11-cv-06061; *The Southern New Jersey Regional Employee Benefits v. Wyeth, Inc.* 3:11-cv-06161; *Sergeants Benevolent Association Health and Welfare Fund v. Wyeth, Inc.*, 3:11-cv-06230; *The North Jersey Municipal Employee Benefits Fund v. Wyeth, Inc.* 3:11-cv-06297; *Louisiana Health Services Indemnity Company v. Wyeth, Inc.* 3:11-cv-07072;

**WHEREAS** one individual direct purchaser action has been filed: *Walgreen Co. et al v. Wyeth, Inc.*, 3:11-cv-06985; and

**WHEREAS**, this Court held a status conference on December 2, 2011 where the consolidation and coordination of the direct and indirect purchaser cases was discussed by the parties and the Court.

**IT IS HEREBY ORDERED THAT:**

**A.   Caption**

1. All actions related to the Direct Purchaser Class Actions and/or the End Payer Class Actions within the meaning of Local Civil Rule 40.1(c), whether or not yet filed, shall bear the following caption:

| In re EFFEXOR XR ANTITRUST LITIGATION | Lead case no.: |
|---|---|
| This Document Relates To: | |

2. When a pleading or other court paper filed is intended to apply to all actions, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above. When a pleading or other court paper is intended to apply only to one, or some, but not all, of such actions, the party filing the document shall indicate the action(s) to which the document is intended to be applicable. The parties may indicate, for example, "All Direct Purchaser Class Actions" or "All End Payer Class Actions" and give the appropriate case number of the Lead Direct Purchaser Class Action or Lead End Payer Class Action (as those terms are defined in section 5 hereof).

3. The docket sheet entry will reflect the fact that any particular filing relates to one or more, but less than all, of the plaintiffs. It is the obligation of counsel for the party undertaking such a filing to ensure that any orders entered pursuant to such a filing reflect this limitation.

**B.     Consolidation and Coordination for All Purposes**

4.     Federal Rule of Civil Procedure 42 states that if "actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). All actions involve allegations by purchasers that stem from Defendant Wyeth's allegedly unlawful scheme to illegally extend its monopoly for Effexor XR.

5.     Therefore, all Direct Purchaser Class Actions are hereby consolidated for all purposes, including trial. *Professional Drug Co., Inc. v. Wyeth, Inc.*, 3:11-cv-05479, the first filed case, shall be designated the Lead Direct Purchaser Class Action. All pleadings shall bear the caption above, note that they are related to "All Direct Purchaser Class Actions," and be filed in the 3:11-cv-05479 docket. A Lead Direct Purchaser Class Action file will be established for the Direct Purchaser Class Actions and a docket shall be maintained for that file which shall include all filings subsequently coordinated with the Lead Direct Purchaser Class Action. Any new filings in, or transferred to, this Court that are related to the Direct Purchaser Class Actions within the meaning of Local Civil Rule 40.1(c) shall be deemed consolidated unless an objection is filed within 14 days of notice to counsel for the plaintiff(s) in the newly filed action, and the objection is sustained.

6.     All End Payer Class Actions are hereby consolidated for all purposes, including trial. *Painters District Council No. 30 Health & Welfare Fund v. Wyeth, Inc.*, 3:11-cv-05590, the first filed case, shall be designated the Lead End Payer Class Action. A Lead End Payer Class Action file will be established for the consolidated End Payer Class Actions and a docket shall be maintained for that file which shall include all filings hereby or subsequently consolidated with the Lead End Payer Class Action. Any new filings in, or transferred to, this Court that are related to the End Payer Class Actions within the meaning of Local Civil Rule 40.1(c) shall be

deemed consolidated unless an objection is filed within 14 days of notice to counsel for the plaintiff(s) in the newly filed action, and the objection is sustained.

7. Although the Direct Purchaser Class Actions and the End Payer Class Actions will not themselves be consolidated with each other, discovery between the two consolidated actions will be coordinated to the extent practicable.

8. Any Individual Direct Purchaser Action, including *Walgreens Co. v. Wyeth, Inc.*, 3:11-cv-6983, shall be coordinated with the Direct Purchaser Class Actions for purposes of discovery, other pre-trial proceedings and trial. Nothing in that coordination, however, shall subject the plaintiff in the Individual Direct Purchaser Action (or any subsequently filed Individual Direct Purchaser Actions) to the leadership structure for the Direct Purchaser Class Actions.

9. Any Individual End Payer Action (related to the End Payer Class Actions within the meaning of Local Civil Rule 40.1(c)) shall be coordinated with the End Payer Class Actions for purposes of discovery, other pre-trial proceedings and trial. The Court may issue additional orders regarding coordination if non-class cases are filed in this Court. Nothing in that coordination, however, shall subject the plaintiff(s) in any Individual End Payer Action that may be subsequently filed to the leadership structure for the End Payer Class Actions.

10. The Direct Purchaser Class Actions and the End Payer Class Actions shall each file separate consolidated amended complaints. The Direct Purchaser Class Actions shall do so by December 14, 2011 and the End Payer Class Actions shall do so when the issue of organization in those actions pursuant to Fed. R. Civ. P. 23(g) is resolved and an order formalizing that organization is entered.

11. Defendants' request for a stay pending the resolution of *Wyeth LLC v. Nostrum Pharmaceuticals, LLC, et al.*, 11-cv-2280 is deferred. Defendants are directed to file a motion to stay after Teva has been served with copies of the amended complaints. Judge Goodman will establish a briefing schedule for the motion.

12. This Court will schedule another status conference once Teva has been served and made party to this litigation.

**IT IS SO ORDERED.**

Dated: Dec. 12, '11

The Honorable Joel A. Pisano